CASE 14—PETITION ORDINARY—JUNE 16.

# Wills vs. Walters.

APPEAL FROM ESTILL CIRCUIT COURT.

1. The Legislature has constitutional power to regulate by statute the relative rights and responsibilities of the proprietors of inclosed land, and the owners of stock going at large or kept in adjacent inclosures, as is done in chapter 50 of the Revised Statutes, and the act of 1863 amendatory thereof. (*Myers' Supplement*, 272.)

2. It was intended, in enacting said statutes on the subject of inclosures, to provide a just and reasonable protection for the rights of owners of inclosed land and of stock, and to limit the right of redress for injuries, in either class, to their own compliance with the law, whether it was a division fence or not.

H. C. LILLY and
THOMAS H. BARNES,                      For Appellant,
                    CITED—
    *Constitution of Ky.*, sec. 15, art. 13.
    3 *Blackstone, side pp.* 211, 212.
    4 *Kent, s. p.* 120 ; 2 *Greenleaf on Ev.*, sec. 613.

RIDDELL & FLUTY,                       For Appellee,
                    CITED—
    *Revised Statutes, sec.* 2, *chap.* 5, *and Myers' Supplement,*
    *sec.* 4, *page* 272.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

The plaintiff in this action sought to recover damages for various trespasses alleged to have been committed by the defendant in breaking the plaintiff's inclosure and " turning in " his stock, whereby the corn and other property of the plaintiff was destroyed. In this personal as-

pect of the case, the allegations of the petition were not sustained by any evidence, and need not be further noticed. But regarding the action, as it seems to have been treated in the circuit court, as a suit for damages, sustained in consequence of the breaking of the inclosure and consuming or destroying the plaintiff's corn, standing in the field, by the stock of the defendant, in the years 1865, 1866, and 1867, which he failed to prevent, two questions are presented for our determination, involving inquiry as to correctness of the ruling of the court:

1st. Had the Legislature the constitutional power to regulate, by statute, the relative rights and responsibilities of the proprietors of inclosed land and the owners of stock going at large or kept in adjacent inclosures, as is done by chapter 50 of the Revised Statutes, and the act of 1863 amendatory thereof? (*Myers' Supplement*, 272.)

2d. Conceding the validity of said statutory provisions for certain purposes, do they operate to restrict the right of recovery, in a case like this, to the fact that the fence through which the stock entered was either a lawful one, according to the statute, or was a division fence between the parties?

As to the first question which is presented in the argument for the appellant, it is deemed sufficient to say, that we entertain no doubt of the constitutionality of the statutes referred to; and with reference to the second matter of inquiry, it seems to us manifest that it was intended by the Legislature, in enacting said statutes on the subject of inclosures, to provide a just and reasonable protection for the rights of owners of inclosed land and of stock, and to limit the right of redress for injuries, in either class, to their own compliance with the law.

There was some contrariety of evidence in this case, as to whether the fencing of the plaintiff, which was broken by the defendant's stock, was such as the law required, and whether, also, it was not a division fence between the parties, which it was the duty of both to repair? And the law of the case, in both of these aspects, was, we think, fairly expounded by the court in the instruction which was given to the jury; and the instructions asked by the plaintiff, being inconsistent with our construction of the provisions of the statute, were properly refused.

Wherefore, the judgment is affirmed.