[No. 1011.]

EDWARD R. CHASE, APPELLANT, v. HENRY H. CHASE, RESPONDENT.

INJURIES TO GROWING CROPS—LAND MUST BE INCLOSED.—Under the statutes of this state, no action can be sustained for injuries done to real estate, or to the crops growing thereon, by horses and cattle that are allowed to run at large, unless the land is inclosed with a lawful fence.

APPEAL from the District Court of the Seventh Judicial District, Elko County.

THE facts appear in the opinion.

*H. C. Street and E. R. Chase*, for Appellant:

I. Plaintiff was in possession; possession alone is sufficient to maintain trespass. (*Althouse* v. *Rice*, 4 E. D. Smith, 347; *Smith* v. *Miles*, 1 Term, 480; 2 E. D. Smith, 200.)

II. The right of the owner to the possession of his property is inalienable and exclusive. (State Const.; *Jackson* v. *R. & B. R. R.*, 25 Vt. 150; *Walsh* v. *V. & T. R.*, 8 Nev. 114.)

III. The entry of the defendant was *prima facie* tortious, and throws upon him the burden of showing a right to enter. The defendant can only justify under license of law or license granted by plaintiff. License, if relied upon as a defense, must be pleaded. (15 Barb. 499.)

IV. Any statute giving a right to go upon the lands of another with cattle, is unconstitutional and void. It "would impair the rights of private property;" it would "interfere with the primary disposal of the soil." (Organic Act, Nev. Ter.; *Vansickle* v. *Haines*, 7 Nev. 278, 279; Schedule State Const., sec. 2.) The remedy by distress is cumulative to the common law. A man may relinquish distress, and proceed at common law. (*Colden* v. *Eldred*, 15 Johns. 220.) Trespass consists in the unwarrantable entry upon the lands of another, whether inclosed or not, and proof of the trespass entitles a man to damages, though none be proven. (*Entick* v. *Carrington*, 2 Wils. (Eng.) 275; *Parker* v. *Griswold*, 17 Conn. 288.)

V. This is not a case where the parties were in the exercise of their equal rights, and the question of negligence can only be fairly discussed under these inequalities. (*Woodruff & Grippen* v. *N. Y. C. R. R.*, 40 N. Y. 47; *Solen* v. *V. & T. R.*, 13 Nev. 127.)

VI. The entry upon plaintiff's land was a naked trespass; it can not be justified under the plea that plaintiff left his property in an exposed position. (44 Pa. St. 379; 29 N.Y. 390; Herm. & R. on Neg., sec. 31; *Solen* v. *V. & T. R.*, 13 Nev. 124.)

*Rand, Wines, and Dorsey*, for Respondent:

The appellant is not entitled to any judgment against respondent, for the reason that he had failed to protect his crops

by a fence, or by any kind of obstruction likely to turn ordinary stock. (1 Comp. L. 3992; *Smith* v. *Williams*, 2 Mont. 195; *Comerford* v. *Dupuy et al.*, 17 Cal. 308; *Waters* v. *Moss*, 12 Id. 535; *Logan* v. *Gedney, et al.*, 38 Id. 579; *Kerwhacker* v. *C. C. & C. R. R. Co.*, 3 Oh. St. 172; 14 Conn. 296; 5 Gill. 130.) Upon the question of this character of negligence, we refer to the following authorities. (*Flynn* v. *S. F. & S. J. R. R.*, 40 Cal. 14; *Munger* v. *Tonawanda R. R. Co.*, 4 Comst. (N. Y.) 349; *Corwin* v. *N. Y. & E. R. R. Co.*, 3 Kern. (N. Y.) 42.)

By the Court, HAWLEY, J.:

The appeal in this case is taken from the judgment of the district court, sustaining a demurrer to plaintiff's complaint.

The complaint alleges that plaintiff is "in the legal and undisputed possession of certain uninclosed lands and tenements situated in Clover Valley, Elko county, Nevada, known as the Chase brothers' ranch, and that on the third day of May, A. D. 1878, the defendant did wrongfully permit his horses and cattle to go, and that they did go, unrestrained, into and upon the fields and grounds above mentioned, and remain thereon, at their will, throughout the season, and until the present time; that they did break down, destroy, and depasture the crops growing thereon, trample upon and injure the soil, break down and impair the water ditches, and cause great distress, annoyance, and labor to the plaintiff, to his damage five hundred dollars."

Does this complaint state facts sufficient to constitute a cause of action against the defendant?

Is the plaintiff, under the law of this state, entitled to recover any damages to his uninclosed lands because the defendant allowed his horses and cattle to run at large and they wandered upon the plaintiff's land and damaged it?

The rule of the common law, which requires the owner of horses, cattle, and other stock, to keep them confined within his own close, is "repugnant to," and "inconsistent with," the laws of this state. (See an act concerning estrays, Stat. 1861, 22; an act to prevent the driving of stock

from their ranges, Stat. 1861, 32; an act concerning unlawful stock, Stat. 1862, 9, and amendatory act, Stat. 1875, 146; an act to prevent the trespassing of animals upon private property, Stat. 1862, 13; an act to regulate marks and brands of stock, Stat. 1873, 99; an act to punish the willful and fraudulent killing of stock running at large, Stat. 1877, 76.)

Some of these statutes prohibit certain named stock from running at large; others permit certain stock to do so. In this respect it is apparent that the rule of the common law has been modified to such an extent that no action can be sustained for injuries done to real estate or to the crops growing thereon, by horses and cattle that are allowed to run at large, unless the land is inclosed with a lawful fence. To this effect are the decisions of the supreme court of California. (*Waters* v. *Moss*, 12 Cal. 535; *Comerford* v. *Dupuy*, 17 Id. 308; *Logan* v. *Gedney*, 38 Id. 579. Of Montana, *Smith* v. *Williams*, 2 Mon. 195. Of Kansas, *U. P. R. W. Co.* v. *Rollins*, 5 Kan. 175; *Caulkins* v. *Mathews*, 5 Id. 191; *Larkin* v. *Taylor*, 5 Id. 434; *Darling* v. *Rogers*, 7 Id. 592; Of Ohio, *Kerwhacker* v. *C. C. & C. R. R. Co.*, 3 Ohio St. 177; *C. H. & D. R. R. Co.* v. *Waterson*, 4 Id. 432; *M. & C. R. R. Co.* v. *Stephenson*, 24 Id. 56. Of Kentucky, *Wills* v. *Walters*, 5 Bush, 351. Of Illinois, *Seeley* v. *Peters*, 5 Gilm. 130; *Headen* v. *Rust*, 39 Ill. 186; *Stoner* v. *Shugart*, 45 Id. 76.)

Section 1 of the act to prevent the trespassing of animals upon private property reads as follows: "If any horse * * * shall break into any grounds inclosed by a lawful fence, the owner or manager of such animal shall be liable to the owner of such inclosed premises, for all damages sustained by such trespass." * * * (2 Comp. L. 3092.)

The supreme court of Montana, in *Smith* v *Williams*, *supra*, in construing a statute identical in its terms with the statute above quoted (Laws of Montana 1871-1872, 373), decided that the plaintiff could not recover any damages to his crops of growing grain, without showing that his land was inclosed by a lawful fence.

There is no averment in the complaint under considera-

tion, that the injuries to plaintiff's land and crops were caused by any stock which, under the statutes of this state, are prohibited from running at large. There is no averment that defendant was guilty of any negligence, unless it was negligence upon his part to allow his horses and cattle to run at large.

The principles which are settled by the decisions we have cited, go to the extent that the owner of the land trespassed upon does not use reasonable and ordinary care and diligence to protect his property from the intrusion of roaming stock unless he incloses it with a lawful fence.

The supreme court of Kansas, in discussing this question, in *Larkin* v. *Taylor, supra,* said: "We understand the law of inclosures in this state to be, that before a party can recover for injuries done to his crop he must protect it by a lawful fence. Failing to have such a fence, he is deemed by the statute to be so negligent of his property that he can not recover damages for trespass thereon occasioned by reason of the defective fence. * * * We do not intend to say that when the acts of the party are of such a character as to show a willful intent to commit a trespass, a recovery may not be had against him, even though the injured party may not have his grounds inclosed by a lawful fence. In such a case it is not carelessness or negligence that is the cause of the injury. It may include both, but something more is necessary to authorize a recovery. The object of the law of inclosure is to permit stock to run at large and graze on the prairie, and relieve the owners thereof from an action for damages, should they wander upon the land of another, unprotected by a lawful fence." Ranney, J., in delivering the opinion of the court in *C. H. & D. R. R. Co.* v. *Waterson, supra,* said: "The owner of domestic animals, in suffering them to run at large, under the limitations expressed in the statute, is in no fault, and there is, therefore, no room for the application of the doctrine which determines when a party in the wrong may, nevertheless, recover for injuries arising from the negligence of another. In other words, the owner has a perfect right to suffer his animals to go at large, without incurring any responsibility

to the owners of uninclosed grounds, upon which they may wander."

The object of the statute, in requiring a fence, is to provide security to the land inclosed, and in the absence of any statute defining a "lawful fence," the words imply that the fence must be high enough and sufficient in other respects to prevent ordinary stock from breaking into the inclosure.

There is nothing in the statute which gives, or pretends to give, any right to any person to enter upon another's land and to commit any trespass thereon, whether the land is fenced or not. The argument of appellant, upon this point, is wholly untenable. The statute does not "impair the rights of private property." It does not in any manner "interfere with the primary disposal of the soil."

The legislature has the constitutional power to regulate the relative rights and responsibilities of the proprietors of inclosed land, and the owners of stock that is allowed to run at large. (*Wills* v. *Walters, supra.*)

It was evidently the intention of the legislature, in passing the statute, to provide a just and reasonable protection for the rights of both the land and stock owners, and to limit the right of redress for injuries to their own compliance with the law.

The entire legislation of this state is, to quote the language of the supreme court of Ohio, in *Kerwhacker* v. *C. C. & C. R. R. Co.,* 3 Ohio St. 180, "wholly inconsistent with the doctrine that it is unlawful for the owner of animals to allow them to run at large, and that he is liable in damages for a trespass in case they go upon the uninclosed grounds of another. Why the provision to restrain breachy and unruly animals from running at large, if it were the law of the state that the owner should allow none of his stock to be at large, whether breachy or not? And why the provision for the assessment of damages for injury by trespassing animals made to depend upon the contingency of a lawful fence? If the owner of trespassing animals were liable in damages, whether the lands of the injured party were inclosed or not, the provision making the assessment

of damages to depend on the existence of a lawful fence would seem to be unnecessary, if not wholly absurd."

The judgment of the district court is affirmed.