(93 N.W. Rep. 862)

---

## WILLIAM ELY *vs.* JOHN ROSHOLT.

---

**Live Stock—Liability of Owner.**

> The rule by statute in this jurisdiction, like that at common law, from which it is taken, declares the owner of live stock liable in damages for trespasses by such stock on the lands of another.

**Damages—Proof.**

> When live stock, except hogs, while at large between the 1st day of November and the 1st day of April, range upon the uninclosed lands of another and injure personal property thereon, the owner of such stock, or the person in charge and possession thereof, is not liable for such damage, in the absence of proof of willful injury.

**Live Stock may Roam at Large—When.**

> Construing together sections 1549 and 6153, Rev. Codes, horses, cattle, and other live stock are permitted to run at large between Novenber 1st and April 1st each year, and are not permitted to run at large during the other months, except in those counties where, at an election called for the purpose, under sections 1550, 1551, Rev. Codes, the provisions of chapter 42 of the Code of Civil Procedure have been abolished.

**Lack of Ordinary Care Defeats Recovery.**

> A party cannot recover for damage to property caused by his own lack of ordinary care for its preservation.

**Constitutionality of Statute—Not to be Questioned by one Unaffected.**

> One whose rights are unaffected by a statute cannot be heard to question its constitutionality.

Appeal from district court, Traill county; *Pollock, J.*

Action by William Ely against John Rosholt. Judgment for plaintiff, and defendant appeals. Reversed.

This case was tried in justice court, and appealed to the district court of Traill county, and was there submitted upon an agreed statement of facts, from which it appears that the provisions of chapter 42 of the Code of Civil Procedure have never been abolished in Traill county; that plaintiff was in the month of February, 1901, the owner and in possession of a section of land near Mayville, in Traill county, on which was a stack of hay belonging to plaintiff. The farm and hay stack were unfenced. Between February 20 and February 25, 1901, horses belonging to defendant repeatedly entered upon plaintiff's land, and devoured and destroyed $20 worth of hay in a stack. The defendant permitted his horses to run at large, but had no actual knowledge that they were destroying plaintiff's hay, and he had no intention of causing such damage. Before suing, plaintiff notified defendant in writing of his damage, and the probable amount thereof. The district court, as a conclusion of law, found "that the plaintiff is entitled to recover of defendant the value of the hay destroyed by defendant's horses, and is entitled to judgment herein for the value thereof, to wit, the sum of twenty dollars, and interest thereon since February 25, 1901, together with his costs in district court, taxed at fifteen and 65-100 dollars, and costs in this court to be taxed by the clerk." This conclusion of law is challenged by the appeal.

*F. W. Ames,* for appellant.

*Asa J. Styles,* for respondent.

COCHRANE, J. (after stating the facts). In this state the rule of the common law is declared by statute: That the owner of stock is liable in damages for trespasses by them (section 6153, Rev. Codes; *Bostwick* v. *Railway Co.,* 2 N. D. 440, 447, 51 N. W. Rep. 781) unless the trespass is committed between the 1st day of November and the 1st day of April (section 1549, Rev. Codes), and excepting in those counties where, by a majority vote of the electors, had pursuant to the provisions of sections 1550-1552, Rev. Codes, the operation of the earlier statute has been annulled. The destruction of respondent's property, complained of in this case, was accomplished in the month of February, when horses were permitted to run at large. The damage was not effected through any wilful act of the appellant. It is clearly the purpose of the law to require the owner or person in

charge or possession of horses, mules, cattle, goats, sheep, and like animals, to restrain them from running at large except during the months of winter, between November 1st, and April 1st, when the annual crops have been gathered, and when, under ordinary conditions, as they here exist, emblements and accretions of the soil have been housed, marketed, or stacked within inclosures sufficient to turn stock, and that during these winter months the advantages to the stock owners of being permitted to let their stock run at large overbalance the disadvantages to a minor part of the community in being required to protect haystacks against ranging horses, mules, cattle, and sheep. As to this class of legislation other states have been controlled by the same consideration, viz., the requirements of local conditions. Note to *Bulpit* v. *Mathews* (Ill.) 22 L. R. A. 55 (s. c. 34 N. E. Rep. 525) ; *Buford* v. *Houtz*, 10 Sup. Ct. 305, 33 L. Ed. 618; *Kerwhaker* v. *Ry. Co.*, 3 Ohio St. 179, 62 Am. Dec. 246; *Seeley* v. *Peters*, 5 Gilman, 142; *Morris* v. *Fraker*, 5 Colo. 425; 12 Am. & Eng. Enc. L. 1042, and note. It is equally clear that, if live stock is permitted to run at large during any portion of the year, an action is not maintainable by landowners for injury to their personal property thereon by ranging stock at such times when the ordinary precautions which common prudence would dictate have not been taken to protect such property from destruction. Applying the rule of law to the facts of this case, respondent's negligence in leaving his hay out upon an uninclosed field, and without any stock guard around the stack, during a season of the year when stock was permitted to run at large, was the direct cause of his loss. *Jones* v. *Witherspoon*, 78 Am. Dec. 263; *Chase* v. *Chase*, 15 Nev. 259.

Counsel for respondent contends that the concluding proviso in section 6153, Rev. Codes, viz., "None of the provisions of this chapter shall be construed as conflicting with the provisions of section 1549 of the Political Code, permitting stock to run at large from the first day of November until the first day of April of each year," was not intended to except from the operation of the statute the five winter months, and render the statute operative but seven months in the year, but that the proviso furnishes a rule of interpretation only; that but for this proviso the later statute would conflict with, and therefore operate as a repeal of, the earlier enactment, permitting stock to run at large during the winter months; that permission for stock to run at large from November 1st to April 1st does not relieve the stock owner, during these months, from the liability imposed by section 6153, Rev. Codes, but that the party injured can recover for damages done his property between November 1st and April 1st by by stock running at large, the same as during other months of the year, and regardless of the consideration whether the property was fenced or unfenced. This was the view of the trial court. This construction is opposed to the theory underlying this class of legislation. When the legislative department of the state declared that domestic

animals of the kind enumerated in the statute might run at large during winter months, it relieved the owner of such animals from any imputation of negligence in not restraining such stock within an inclosure during these months; and such owner does no wrong by allowing them to go unconfined, and is not responsible to his neighbor for their acts, if, for want of proper precautions and care in housing or fencing his perishable property, the neighbor's property is injured by such animals so permitted to be at large. The encroachment of such animals upon another's land during these months is not such a trepass as will sustain an action for damages. *Davis* v *.Davis*, 70 Tex. 123, 7 S. W. Rep. 826; *Clarendon L. I. & A. Co.* v. *McClelland Bros.* (Tex. Sup.) 23 S. W. Rep. 576, 1100, 22 L. R. A. 105, 108; *Poindexter* v. *May* (Va.) 34 S. E. Rep. 971, 47 L. R. A. 588; *Baylor* v. *Ry. Co.*, 9 W. Va. 270. The proviso in section 6153 cannot be effective, and section 1549 cannot be operative, and animals permitted to run at large during the winter months, if hay and grain can be left exposed in the open, without guard or protection, to attract animals and create litigation. The owner of annual crops must take notice of the law, and adopt reasonable precautions to guard from destruction such perishable property while stock is at large. "The general law imposes on the landowner no obligation to fence, but when land is left uninclosed the owner takes the risk of trespass thereon by the animals of others running at large, and can maintain no action for such trespass." *Poindexter* v. *May* (Va.) 34 S. E. Rep. 971, 47 L. R. A. 590. If the operation of this statute results to the detriment of farmers in the thickly populated counties of the state, their redress is in a repeal of section 1549, Rev. Codes.

Under sections 1550-1565, Rev. Codes, the inhabitants of any county may, at an election called on petition for such purpose, abolish the statute in the particular county so that cattle and live sock, excep hogs, may run at large therein at all seasons of the year. In counties where stock is so permitted to range, the owners of cultivated land must fence, and may recover against the owner or person in charge of animals for injuries done by reason of such animals breaking or breaching a close, and for destruction of property therein. Section 1555, Rev. Codes. This construction in no way conflicts, but, on the contrary, is in accord, with the provision in section 1571, Rev. Codes, prohibiting the taking up of estrays between November 1st and March 31st, unless found trespassing upon the premises or within the inclosure of the person taking up the same, because the entry of stock on uninclosed lands during these months is not a trespass. The statute allowing animals to run at large in counties voting in favor thereof is not special or local, but general, in its application. The constitutional questions raised by respondent are not considered and decided, for the reason that he is not in a position to raise the question. *State* v. *McNulty*, 7 N. D. 169, 73 N. W. Rep. 87; *State* v. *Donovan*, 10 N. D. 203, 86 N. W. Rep. 709; *Turnquist* v. *Cass County*, 11 N. D. 514, 92 N. W. Rep. 852; *State* v. *Becker*, 3 S. D. 29, 51 N. W. Rep. 1018.

The judgment of the district court is reversed. The record will be remanded, with directions to that court to reverse its judgment, and enter judgment for appellant, dismissing the action, and for his costs in the justice's and district court. Appellant will recover costs of this appeal.