(119 N. W. 1048.)

---

### EMELIA DUSABECK JOHNSON v. ALBERT RICKFORD.

Opinion filed June 28, 1909.

**Tresspass of Animals — Fence Laws.**

1. That part of section 1939, Rev. Codes 1905, originally passed as section 6, chapter 69, page 102, Laws 1895, in the words, "provided, that all corral fence exclusively for the purposes of inclosing stacks, if outside of any lawful enclosure, shall not be less than sixteen feet distant from such stack so inclosed, shall be substantially built with posts not more than eight feet distant from each other, and with not less than five strands of barbed fence wire, and shall be not less than five feet high," is applicable, during the "open season," to those counties of the state in which the provisions of section 1933, Rev. Codes 1905, permitting live stock to run at large from the 1st day of December until the 1st day of April of each year, have not been abolished by an election duly held for that purpose.

**Same.**

2. In a county of this state in which the provisions of section 1933, Rev. Codes 1905, are operative, a party can maintain an action against the owner of ranging animals for the damage occasioned by breach of a lawfu' fence, under the provisions of section 1940, Rev. Codes 1905, only upon a showing that at the time of the alleged tres-pass he had secured his property by a strong and sufficient fence against the intrusion of live stock, and that, notwithstanding the protection afforded by such fence, the animals have breached or broken such fence and destroyed property within the inclosure.

**Same.**

3. A good and sufficient fence deemed in law sufficient to exclude ranging live stock, between the 1st day of December and the 1st day of April in each year, in those counties in which the provisions of section 1933, Rev. Codes 1905, are operative, must in height, strength and distance from inclosed stacks comply with the provisions of section 1939, Rev. Codes 1905, or present a barrier as effective for the purpose of a fence as that described in that section.

**Same.**

4. The party bringing an action in damage against the owner of ranging animals during the "open season" for live stock, for breach of an inclosure under the provisions of section 1940, Rev. Codes 1905, who does not show upon the trial that at the time of the alleged trespass he has secured his property against the intrusion of animals by a fence deemed in law sufficient to exclude them, fails to show a liability on the part of the owner of such animals, or to establish a cause of action against him.

Appeal from District Court, Griggs county; *E. T. Burke,* Judge.

Action by Emelia Dusbabeck Johnson against Albert Rickford. Judgment for plaintiff, and defendant appeals.

Reversed, and action dismissed.

*Lee Combs,* for appellant.

A lawful fence is a condition precedent to relief. Coomerford v. Dupuy, 17 Cal. 308; Darling v. Rogers, 7 Kan., 592; Larkin v. Teller, 5 Kan. 434; Fillmore v. Booth, 29 Kan. 134; Chase v. Chase, 15 Nev. 259; Smith v. Williams, 2 Mont. 195; Clarendon Land Invest. & Agency Co. v. McClellant Bros., 29 Tex. 483, 31 L. R. A. 669, 34 S. W. 98; Runyon v. Patterson, 87 N. C. 343; Studwell v. Ritch, 14 Conn. 293; Mann v. Williamson, 70 Mo. 661; Oil v. Rowley, 69 Ill. 469; Cooly on Torts, 597, et seq. 16 Cent. L. J. 345; Lord v. Wormwood, 29 Me. 282, 50 Am. Dec. 586; Peterson v. Johnson, 111 N. W. 659; Totten v. Cole, 33 Mo. 138; Willhite v. Speakman, 79 Ala. 400.

*A. M. Baldwin,* for respondent.

Respondent was only bound to protect her hay by such a fence as common prudence required. Ely v. Rosholt, 11 N. D. 559, 93 N. W. 864.

ELLSWORTH, J.    As cause of action the plaintiff and respondent alleges: That on and prior to December, 1905, she owned about 70 tons of hay stacked upon a tract of land in Griggs county, which hay was protected by a good and sufficient fence; that during the months of December, 1905, and of January and February, 1906, live stock belonging to the defendant and appellant broke through said fence and destroyed hay belonging to plaintiff to the amount of 10 tons and of the value of $50; that during said period plaintiff repeatedly repaired the fence in question and notified defendant that his animals were destroying her hay, and on the 12th day of February, 1906, caused notice to be served on defendant of the damage occasioned by his stock, and the probable amount thereof.    The answer of defendant and appellant denies generally the claim for damages of plaintiff, and as matter of defense alleges that at all times during the months of December, 1905, and of January and February, 1906, his stock were licensed by statute to run at large, and that plaintiff had not protected her hay by any proper or legal fence, as prescribed by the laws of this state.    The action was originally brought in justice court of Griggs county, and from a judgment entered therein in favor of plaintiff, an appeal was taken by the defendant and appellant to the district court of the Fifth judicial district for Griggs county, and from a judgment entered therein in favor of plaintiff, an appeal was taken by the defendant and appellant to the district court of the Fifth judicial district for Griggs county.    In November, 1907, the action came on for trial in the district court and was tried to a jury.    It then appeared, from the evidence introduced, that in the winter of the year 1905-6, plaintiff and respondent had two stacks of hay, containing, as she estimated, about 70 tons, placed upon a certain tract of land in Griggs county.    Whether the land on which the stacks were placed belonged to plaintiff does not appear.    She surrounded the stacks by a fence constructed by placing cedar posts 17 or 18 feet apart, and placing thereon four barbed wires, the first wire 16 inches from the ground, and the others above it at intervals of from 8 to 10 inches.    This fence was placed at an uneven distance from the stacks; at some points being from 1 to 2 rods distant, and at others approaching to within 5 feet and 8 or ten inches of the sides of the stacks.    At these points it appears, according to the statement of one of the witnesses for plaintiff, that the hay could be reached from outside the fence by "a good strong bull or cow with a long

neck, if he was hungry," by putting his head between the wires and stretching them as far as the posts permitted.

It seems that cattle belonging to the defendant, at a number of times in the months mentioned, broke through this fence and destroyed some of the hay stacked in the inclosure. At another time the snow drifted about a portion of the fence until it reached above all the wires except one. As the snow was hard packed, some of the cattle walked upon the top of the drift and over the top wire of the fence and reached the hay in this way. After plaintiff found that stock was breaking into the inclosure about her haystacks, she had stays placed between the posts at a distance of about eight feet apart. When the snow accumulated so that the animals could walk over the top of the fence, she had it removed, or the crust broken so that the fence could not be passed, except by breaking it. There is also evidence that plaintiff on several occasions notified members of the family of appellant that his stock was breaking over her fence and destroying her hay. It further appeared that the dwelling of appellant was less than one-half mile distant from the haystacks in question, and that appellant was accustomed, during the period in question, to turn his stock out upon his own premises, which adjoined those of plaintiff, to run at large or "range" upon surrounding uninclosed lands. One witness testified that, during the winter of 1905-06, he saw a path in the snow made by stock, which started from appellant's yard and went directly to the haystacks of plaintiff. None of the witnesses had at any time seen appellant drive his stock along this path or by any other route upon plaintiff's premises or to her haystacks, and had not seen him or any of his employes driving his stock away from plaintiff's stacks. It further appeared upon the trial that there had not been held in Griggs county an election by which the provisions of section 1933, Rev. Codes 1905, or of chapter 44, Code Civ. Proc. (Rev. Codes 1905, §§ 7865-7871), had been abolished within that county.

At the close of plaintiff's evidence, the defendant moved the court to direct the jury to find a verdict for the defendant upon the ground "that the plaintiff has failed to establish a cause of action against the defendant, as alleged in plaintiff's complaint, or otherwise, and upon the further ground that the evidence in the case does not establish any liability on the part of the defendant to the plaintiff, under the facts and circumstances shown by the evidence or alleged in plaintiff's complaint." This motion being denied by

the court, the defendant offered no evidence, and the court submitted the case to the jury under an instruction that: "At the time it is alleged that this damage was done, it was lawful for stock to run at large, and during these months plaintiff was required to protect her haystacks against ranging horses, mules, cattle, and sheep." And that it was "the duty of the plaintiff to use the ordinary precautions that common prudence would dictate to protect her property from destruction." "The cattle of the defendant being lawfully at large in this state, the owner of the cattle would not be liable to the defendant, unless you believe from the evidence in this case that he drove them, or caused them to be driven, willfully onto the hay of plaintiff. The law does not contemplate that a person who allows his cattle to run at large under the law, will willfully drive them onto another person's grain or hay and winter them there. That is not the intent of the law, and this is the only condition under which you can find for the plaintiff in this case." The court further instructed the jury that the provisions of law contained in section 1939, Rev. Codes 1905, which has been referred to by counsel in this case, "does not apply in this county, so you are instructed by the court that the law in this suit does not and did not, require the plaintiff to have the fence which was mentioned in the Code, as having posts set eight feet apart." The jury returned a verdict fixing the amount of plaintiff's damage at $40. Whereupon judgment was entered in favor of plaintiff and against appellant for that sum, and from such judgment this appeal is taken.

It has long been a settled rule of law in this state that both the common-law principle that the owner of stock is liable in damages for any trespass by them upon the lands of another, whether fenced or not fenced, as well as the statute declatory of this principle (section 7865, Rev. Codes 1905) has, by the provision of section 1933, Rev. Codes 1905, been abrogated in this state so far as it relates to any such trespass committed between the 1st day of December and the 1st day of April, except in those counties in which the provisions of section 1933 have been abolished by the voters of the county at an election duly held for that purpose. Ely v. Rosholt, 11 N. D. 559, 93 N. W. 864. As no such election had been held in Griggs county, where this action originated, and as the alleged trespass occurred during the months of December, January, and February, it is apparent, even had plaintiff chosen to proceed by that form of action, such action, if brought for damages occasioned by

the trespass of live stock upon uninclosed land, in the absence of a wanton or wilful trespass by defendant, could not be maintained.

Judging from its instructions to the jury, the trial court seems to have entirely misapprehended the character of the action. Plaintiff does not complain of a trespass of defendant's live stock upon her uninclosed land, and in fact neither pleads nor proves that the land where the alleged trespass occurred belonged to or was under her control. She states a cause of action such as is authorized by section 1940, Rev. Codes 1905, in favor of a party who has sustained damage by the breaching or breaking of a lawful fence by cattle belonging to another. Her allegations that her hay was protected by a good and sufficient fence, and that, while the same was so protected, animals belonging to appellant broke through the fence and destroyed the hay, places the cause of action upon very different grounds from the ordinary suit for damage resulting from the trespass of animals. As the gist of such an action is the breach of plaintiff's inclosure, it necessarily follows that the plaintiff in bringing it must show that he has secured his property by a strong and sufficient fence against the intrusion of animals, and that, before the owner of the cattle or animals can be held liable in damages, it must be shown that they have broken a fence, deemed in law sufficient to exclude them. Ely v. Rosholt, supra; Chase v. Chase, 15 Nev. 259; Larkin v. Taylor, 5 Kan. 434; N. O., etc., R. R. Co. v. Field, 46 Miss. 573.

Section 1933, Rev. Codes, 1905, was originally enacted as part of chapter 89, p. 274, Laws 1890. The legislative act containing this provision does not in terms describe the fence deemed in law necessary to protect property against the trespass of animals during the "open season." In 1895 a legislative act was passed providing a means whereby the provisions of the general herd law of the state (now chapter 44, Code Civ. Proc.) might be abolished in any of the counties of the state, and stock permitted to run at large therein during the entire year. This act provided that in any county in which an election had been held in accordance with its provisions, and the result of such election had declared in favor of abolishing the herd law, "a fence constructed as hereinafter described shall be sufficient and lawful." Such fence, when a "corral fence exclusively for the purpose of inclosing stacks, if outside of any lawful inclosure, shall not be less than 16 feet distant from such stacks so inclosed, shall be substantially built with posts not more than 8 feet distant from each other, and with not less than five strands of

barbed fence wire, and shall be not less than five feet high.  Any other kind of fence or barrier which is as effective for the purpose of a fence as that above prescribed is hereby declared sufficient and lawful."  Laws 1895, pp. 102, 103, c. 69, §§ 5, 6, 7; Rev. Codes 1905, §§ 1938-1940.

As section 1933, Rev. Codes 1905, was in operation at the time of the pasage of this act, and provided for an "open season" from December to April in all counties of the state where its provisions . had not been abolished, it is reasonable to suppose that the Legislature had its provisions in contemplation when passing the act defining a lawful fence in counties where cattle were permitted to run at large throughout the year.  The language hereinbefore quoted from sections 6, 7, and 8, c. 69, pp. 102, 103, Laws 1895, is general in its terms and applies to "all corral fences exclusively for the purpose of inclosing stacks."  It is expressly made applicable to counties in which by a vote of the people the provisions of chapter 44, Code Civ. Proc., are abolished.  Section 1938, Rev. Codes 1905. It is therefore a logical and reasonable inference that it was also intended to apply in those counties in which the provisions of chapter 44 are abrogated during a portion of the year by the general operation of chapter 1933, Rev. Codes 1905.  It follows therefore that this definition may be regarded as a legislative description of a sufficient and lawful corral fence, exclusively for the purpose of inclosing stacks, whether the question of the sufficiency of such fence arises in counties having only an "open season" for ranging live stock, or in those in which the provisions of the herd law are inoperative at all seasons of the year.  Under the definition of a "lawful fence" contained in section 1939, Rev. Codes 1905, it is clear that the fence erected by plaintiff around her stacks was insufficient in several particulars.  The posts were 17 or 18 feet apart, instead of 8 feet, as required by law.  The fence, instead of being at least 16 feet from the stacks, approached in places within 6 feet, and, owing to the long intervals between the posts, presented a constant temptation to ranging cattle, which common experience teaches are usually hungry, to press upon the wires and break it down.  It consisted of but 4 strands of barbed wire, instead of 5, and was not over 46 inches high, being 14 inches short of the 5 feet prescribed by law.  It is clear, we think, that such a fence in such a situation was not a lawful or sufficient fence, and that, so far as any trespass of appellant's stock is concerned, the stacks may be regarded as uninclosed.

Respondent insists, however, that a lawful and sufficient fence is to be determined by reference to section 3231, Rev. Codes 1905. This section is as follows: "In all cases where any law of this state requires to be erected or maintained any fence or fences for any purpose whatever, it shall be sufficient and a compliance with such law, if there shall be erected and maintained a barbed wire fence, consisting of 2 barbed wires and 1 smooth wire, with at least 40 barbs to the rod, the wire to be firmly fastened to the posts not more than 2 rods apart, with 1 stay between the posts, the top wire to be not more than 52 inches high, or less than 48, and the bottom wire not less than 16 inches from the ground; or 4 smooth wires with posts not more than 2 rods apart, and with good stays not to exceed 8 feet apart, the top wire to be not more than 56 inches high nor less than 48, and the bottom wire not less than 16 inches nor more than 20 inches from the ground; provided, that 5 smooth wires shall be required to constitute a legal partition fence, provided, that any other fence authorized by law shall also be held a legal fence."

Plaintiff insists that the fence around her stacks was a better fence than is required by this section, as it consisted of posts placed at intervals of about 1 rod, to which were attached 4 barbed wires, instead of 2 barbed and 1 smooth wire, or 4 smooth wires, as there provided. It will be observed, however, that this section of the statute is not applicable to the facts of this case. It applies only in cases where "a law of this state requires to be erected or maintained any fence or fences for any purpose whatever." The law providing for the "open season" does not define or require any fence or fences; whereas, the law of 1895, under a section of which plaintiff is proceeding in bringing her action, provided for a very much higher and stronger fence. It is apparent at a glance that the fence provided for by section 3231 is entirely insufficient as a corral fence for the protection of haystacks, especially when placed within 6 feet of the stacks. The special provision for fences of this character contained in chapter 69, p. 101, Laws 1895, is saved from an implied repeal by the clause contained in section 3231 "that any other fence authorized by law shall also be held a legal fence."

It is very apparent, not only from her pleading, but from the evidence introduced, that plaintiff did not claim or in any sense rely upon an action for damage against appellant for trespass of his

animals upon uninclosed premises. The question of a willful driving of the cattle to plaintiff's land was submitted by the trial court to the jury under an erroneous view of the character of the action. There is, however, neither pleading nor evidence to sustain a finding of the jury against appellant on this point.

As it is the gist of the action which plaintiff has brought to show that the live stock of plaintiff have broken a fence deemed in law sufficient to exclude them, it follows from the foregoing premises that she, upon the trial, failed to establish a cause of action against appellant as alleged in her complaint, and that the evidence introduced does not establish a liability on his part, and that the trial court should have granted the motion of defendant made at the close of all the testimony offered, for a directed verdict in his favor.

The judgment of the district court is reversed, and it is directed to enter an order dismissing the action. All concur, except Morgan, C. J., who did not participate.