## JOSEPH SCHNEIDER, Respondent, v. JOSEPH MARQUART, Sr., Appellant.

(178 N. W. 195.)

**Animals — trespass suit held not barred by sixty-day limitation.**

In an action to recover damages occasioned by defendant's cattle, horses, and swine trespassing upon plaintiff's premises in the fall of 1918 and destroying certain grain in stack, it is *held:*

1. The provisions in § 8500, Comp. Laws 1913, to the effect that a party claiming damages under chap. 45 of the Code of Civil Procedure, Comp. Laws 1913, shall bring an action to recover the same within sixty days after the infliction of such damages, has reference to an action wherein the plaintiff has seised, and seeks to impress the claim for damages as a lien against, the offending animals.

**Animals — trespass suit held governed by six-year limitation.**

2. Where the offending animals have not been restrained; where no attempt

has been or is made by the party injured to obtain the benefit of the lien upon trespassing animals afforded by chapter 45 of the Code of Civil Procedure; and where the lands trespassed upon were not within the limits of a stock district (Comp. Laws 1913, §§ 2618-2626) an action to recover damages occasioned by trespassing animals is controlled by § 7375 (subd. 3), Comp. Laws 1913, and and may be maintained at any time within six years after the cause of action accrued.

Opinion filed May 18, 1920.

From a judgment of the District Court of Logan County, *Allen*, J., defendant appeals.

Affirmed.

*Arthur B. Atkins* and *Scott Cameron*, for appellant.

"Codes exclude common law. In this state there is no common law in any case where the law is declared by codes." Comp. Laws 1913, § 4431; 1 R. C. L. Animals, ¶ 45.

"To have enforced the common-law rule would have retarded the settlement of the country, and have been against the policy of both the general and state government." Wagner v. Bissell, 3 Iowa, 396; Heath v. Coltenback, 5 Iowa, 490; Haughey v. Hart (Iowa) 17 N. W. 189; Little Rock & Ft. S. R. Co. v. Finley, 37 Ark. 562; St. Louis, I. M. & S. R. Co. v. Newman, 28 L.R.A.(N.S.) 83; 2 Cyc. 395 and cases cited; Kerwaker v. Railroad Co. 3 Ohio St. 179; Seeley v. Peters, 5 Gill. 142.

The rule of the common law so far as applicable has been declared by statute in this state. Ely v. Rosholt, 11 N. D. 559, 93 N. W. 864.

"Where the statute imposes a new duty where none existed before, and gives a specific remedy for its violation, the presumption is that this remedy is meant to be exclusive, and the party complaining of a breach is confined to it." Cooley, Torts, 3d. ed. § 1399.

*Geo. M. McKenna* and *Miller, Zuger, & Tillotson,* for respondent.

This is an affirmative defense, and the facts must appear. Satterlund v. Beal, 12 N. D. 122, 95 N. W. 518; 13 Enc. Pl. & Pr. 214 et seq. and cases cited and referred to in notes.

In this state cattle are not free commoners. The common-law rule is in force, and every man is bound, at his peril, to keep his stock upon his own premises, and is liable for all damage done by such stock upon

the lands of another, whether fenced or unfenced.   Bostwick v. Railway Co. 2 N. D. 440.

CHRISTIANSON, Ch. J.   This is an action to recover damages occasioned by defendant's horses, cattle, and swine going upon plaintiff's premises in the fall of 1918, and destroying certain grain in stack. Defendant contends that the action is barred under § 8500, Comp. Laws 1913, for the reason that it was not commenced within sixty days after the injury was inflicted.   The sole question presented to this court is whether the action must be commenced within such sixty-day period.

Section 8500, Comp. Laws 1913, reads:   "Any person owning or having in his charge or possession any horses, mules, cattle, goats, sheep or swine, which shall trespass upon the lands of another, whether fenced or not fenced, shall be liable to the party injured for all damages sustained by him by reason of such trespassing, to be recovered in a civil action in the county in which such damages occurred, and the proceedings shall be the same in all respects as in other civil actions except as herein modified; provided, that no property shall be exempt from execution issued upon judgments obtained under this chapter except absolute exemptions; and provided, further, that the party claiming damages under the provisions of this chapter shall bring an action to recover the same within sixty days after the infliction of such damages."

Defendant contends that the common-law rule does not obtain in this state; that in the absence of statute, the owner of domestic animals may permit them to run at large at all times, and that those who would avoid injury to their lands from such animals must inclose against them.   In other words, defendant contends that the right to recover for damages occasioned by trespassing animals exists only in so far as it is granted by § 8500, supra, and that in absence of such section no cause of action would exist.

The rights and obligations of the owners of live stock have been the subject of a great deal of legislation, as well as of litigation, in this state.   See Bostwick v. Minneapolis & P. R. Co. 2 N. D. 440, 51 N. W. 781; Ely v. Rosholt, 11 N. D. 559, 93 N. W. 864; Johnson v. Rick-

ford, 18 N. D. 268, 122 N. W. 386; Corbett v. Great Northern R. Co. 19 N. D. 450, 125 N. W. 1054.

Section 8500, supra, was embodied in the Revised Codes of the territory of Dakota of 1877, and has since remained a part of the laws of this jurisdiction in substantially its original form. It was considered by this court in Bostwick v. Minneapolis & P. R. Co. supra, in connection with the very contention advanced by the defendant here. In that case the court said: "In this state cattle are not free commoners. The common-law rule is in force, and every man is bound, at his peril, to keep his stock upon his own premises, and is liable for all damage done by such stock upon the lands of another, whether fenced or unfenced. Comp. Laws, § 5569." 2 N. D. 447.

It was considered in connection with the so-called "Herd Law" in Ely v. Rosholt, 11 N. D. 559, 93 N. W. 864; Johnson v. Rickford, 18 N. D. 268, 122 N. W. 386; and Corbett v. Great Northern R. Co. supra. In Ely v. Rosholt, 11 N. D. 559, 93 N. W. 864, the court said: "In this state the rule of the common law is declared by statute. That the owner of stock is liable in damages for trespasses by them (Rev. Codes 1899, § 6153; Bostwick v. Minneapolis & P. R. Co. 2 N. D. 440, 447, 51 N. W. 781), unless the trespass is committed between the 1st day of November and the 1st day of April (Rev. Codes, 1899, § 1549), and excepting in those counties where, by a majority vote of the electors, had pursuant to the provisions of §§ 1550–1552, Rev. Codes, the operation of the earlier statute has been annulled." 11 N. D. 560.

In Corbett v. Great Northern R. Co. supra, the court quoted with approval the following language used by the supreme court of Oregon: "The rule [the common-law rule of liability of the owner of stock for damages resulting from trespass] was not founded on any arbitrary regulation of the common law, but was an incident to the right of property. It is a part of that principle which allows every man the right to enjoy his property free from molestation or interference by others; it is simply the recognition of a natural right. A person owning and occupying land is not vested with the right to enjoy it upon condition that he inclose it by a palisade strong enough to keep his neighbors and their stock from breaking into and destroying the fruits of his labors. Property is not held in civilized communities by so insecure a tenure;

but the law surrounds it by an ideal, invisible palladium, more potent than any mechanical paling that can be constructed. The rule in question did not require to be adopted in order to be in force. It always exists where the right of private dominion over things real is recognized. It pertains to ownership. The legislature, in the exercise of the police power of the state, may, no doubt, require the owners of lands to fence them in a certain manner, and in default thereof to withhold from them a remedy for a trespass committed thereon by animals running at large."

The foregoing excerpts speak for themselves, and clearly indicate that this court has recognized that the owners of stock are liable for damages occasioned by their trespassing upon the premises of others, except in so far as the legislature has imposed certain conditions upon the right of the owner of lands to collect such damages.

It should also be noted that the subsequent changes in the so-called "Herd Law" have strengthened rather than weakened the views expressed in Bostwick v. Minneapolis & P. R. Co. and Corbett v. Great Northern R. Co. supra. Thus at the time Ely v. Rosholt, supra, was decided, our statute provided: "It shall be lawful for cattle, horses, mules, ponies and sheep to run at large from the 1st day of November until the 1st day of April of each year. . . . But nothing in this Code shall be construed to repeal any special act establishing a fence law for any county in this state." Rev. Codes, 1899, § 1549. This section was also in force when Johnson v. Rickford, 18 N. D. 268, 122 N. W. 386, was decided, with the exception that the time in which animals might run at large had been changed so as to include the period between the 1st day of December and the 1st day of April of each year. See § 1933, Rev. Codes 1905. But in 1913 the section was amended so as to read as follows: "It shall be unlawful for cattle, horses, mules, swine, goats and sheep to run at large at any time except as hereinafter provided." Laws, 1913, chap. 178; Comp. Laws, 1913, § 2617. At the same time subsequent sections of the "Herd Law" were also amended so as to provide for the establishment of stock districts in which stock might be permitted at large between certain dates, to be specified in the petition for the establishment of such stock district. See Laws 1913, chap. 178; Comp. Laws 1913, §§ 2618, 2622.

While § 8500, supra, standing alone may be susceptible of the

construction contended for by defendant, it must be remembered that the section is not a complete piece of legislation. It is a mere fragment. The statute of which it forms a part contemplates that the owner of the land shall seize the trespassing animals, and enforce the claims for damages against them. It provides: "The person suffering damages as aforesaid may keep such offending animals in custody until the damages and costs are paid or until good and sufficient security is given therefor, such security to be approved by a justice of the peace in and for said township or county as provided for in cases of bond in arrest and bail." Comp. Laws, 1913, § 8503. "The party sustaining damages from the trespass of animals before commencing an action therefor shall, if he knows to whom such animals belong, notify him or the person having them in charge of such damage and the probable amount thereof." Comp. Laws, 1913, § 8502. "Upon the trial of an action under the provisions of § 8500, the plaintiff shall prove the amount of damage sustained, and, if he has kept in custody the animals committing such damage, the amount of expense incurred therefor. And any judgment rendered, in the action against the defendant shall be a lien upon the animals and they may be sold and the proceeds applied to the satisfaction of the judgment as in other cases of sale of personal property on execution; but if it shall appear upon the trial that no damage was sustained, judgment shall be rendered against the plaintiff for costs and for any damages sustained by defendant." Comp. Laws, 1913, § 8504. Provision is also made for the service of summons in case the owner or person having charge of the offending animals is unknown, as well as for the disposition of any surplus remaining after the satisfaction of the judgment against such unknown owner. Comp. Laws 1913, §§ 8505, 8506.

It is an elementary rule of construction that a statute must be construed as a whole. And the intention of the whole act will control the interpretation of the parts. Lewis's Sutherland, Stat. Constr. 2d ed. §§ 368, 370.

Chapter 45 of the Code of Civil Procedure 1913 (of which § 8500 forms a part) expressly provides that the offending animals may be seized, and the claim for damages enforced against them. The provisions of the statute all look toward speedy action, which of course is essential in view of the expense incident to caring for the animals.

The case before us, however, is not an action to enforce a lien or claim for damages upon the trespassing animals. Here the animals were not restrained. The plaintiff merely asks that he be awarded an ordinary judgment against the defendant for the damages caused by defendant's stock trespassing upon plaintiff's lands. We do not believe that such action must be brought within sixty days after the injury was inflicted. In our opinion such action falls within the provisions of § 7375 (subd. 3), Comp. Laws 1913, and may be maintained at any time within six years after the accrual thereof. We believe that the sixty-day period for the bringing of an action prescribed by § 8500, supra, has reference to an action wherein trespassing animals are restrained by the person who has been damaged, and a lien is sought to be impressed on them for the amount of such damages as provided by §§ 8503 and 8504, Comp. Laws 1913.

It follows that the judgment rendered in favor of the plaintiff, upon the verdict returned in this case, must be affirmed. It is so ordered.